UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 6, 2017

LETTER TO COUNSEL

RE: *Christina J. Hart v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2560

Dear Counsel:

On July 13, 2016, Plaintiff Christina J. Hart petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Ms. Hart filed a claim for Supplemental Security Income ("SSI") on September 21, 2012. (Tr. 198-206). She alleged a disability onset date of November 23, 2009. *Id*. Her claim was denied initially and on reconsideration. (Tr. 128-31, 139-40). A hearing was held on October 1, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 55-95). Following the hearing, the ALJ determined that Ms. Hart was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 35-54). The Appeals Council ("AC") denied Ms. Hart's request for review, (Tr. 1-5), meaning that the ALJ's decision is the final, reviewable decision of the Agency.

The ALJ found that Ms. Hart suffered from the severe impairments of "degenerative disc disease of the cervical and lumbar spine, borderline intellectual functioning (BIF), depressive disorder, cognitive disorder, and anxiety." (Tr. 40). Despite these impairments, the ALJ determined that Ms. Hart retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasional [*sic*] climb ramps and stairs, balance, stoop, kneel, crouch and crawl; however, she cannot climb ladders, ropes, and scaffolds. The claimant can engage in simple repetitive tasks for 2-hour periods over an 8-hour workday. Additionally, changes in routine work tasks should occur no more frequently than once every two weeks with the addition of new or more complex tasks and the claimant should be given a few extra minutes of supervision at those times of

>change. Finally, the claimant should not work at a production rate pace, as you would typically find on a production line or in piecework.

(Tr. 44). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Hart could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 49-50).

Ms. Hart raises two primary arguments on appeal: (1) that the ALJ assigned inadequate weight to the opinions of the treating physicians, Drs. Koduah and Miller; and (2) that the ALJ provided an inadequate hypothetical to the VE. Pl. Mem. 3-6. Each argument lacks merit and is addressed below.

First, Ms. Hart contends that the ALJ assigned inadequate weight to the opinions of the treating physicians, Drs. Koduah and Miller. Pl. Mem. 3-5. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 416.927(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Ms. Hart's assertion, the ALJ properly evaluated the opinions of Drs. Koduah and Miller. Beginning with the former, Dr. Koduah opined that Ms. Hart "had extreme limitations in daily living, maintaining social functioning, and maintaining concentration." (Tr. 47-48). Additionally, Dr. Koduah opined that Ms. Hart "cannot participate in work, schooling or training." (Tr. 48). Moreover, Dr. Koduah also opined that "[Ms. Hart's] judgment and insight [were] intact," "her mood [was] normal," and "she had no hallucinations, no delusions present, or psychotic thoughts." (Tr. 47).

The ALJ assigned Dr. Koduah's opinion "little weight" because it was inconsistent with the medical evidence. (Tr. 47-48). Most significantly, the ALJ found that, "[w]hile Dr. Koduah is a treating medical source, his opinion is inconsistent with the record, including the claimant's course of treatment, normal objective findings, and repeated activities of daily living." (Tr. 48). In addition, the ALJ noted that "Dr. Koduah's opinion that [Ms. Hart] has extreme limitations in daily living, social functioning, and maintaining concentration is inconsistent with the medical evidence in the record, including his notes of her office visits." *Id.* The ALJ also cited the State consultants's determination that, although "[Ms. Hart] endorsed severe problems with memory and concentration at CE," she admitted that "she retains the capacity to drive, shop, and manage

*Christina J. Hart v. Commissioner, Social Security Administration*
Civil No. SAG-16-2560
April 6, 2017

finances without assistance." (Tr. 48). Moreover, substantial evidence in the record further belies Dr. Koduah's opinion, including "essentially normal findings on examination," (Tr. 47), significant admitted daily activities, *id.*, and "intact" immediate and long term memory recall, (Tr. 43). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord only "little weight" to Dr. Koduah's opinion.

The ALJ also properly evaluated Dr. Miller's opinion. Dr. Miller diagnosed Ms. Hart with depressive disorder, cognitive disorder secondary to traumatic head injury, nicotine dependence, mood disorder due to head trauma, and dyssomnia. (Tr. 46). Dr. Miller also opined that Ms. Hart "was limited in her activities when asked to describe how she spends her day and social interactions." (Tr. 48). Moreover, Dr. Miller opined that Ms. Hart showed "no evidence of a psychotic disorder or a major depression," but maintained "borderline to low average intelligence; reduced general memory; [and] poor concentration on tasks." (Tr. 47).

The ALJ assigned "limited weight" to Dr. Miller's opinion because it was inconsistent with the medical evidence and unsupported by the objective record. (Tr. 48). Most significantly, the ALJ found that Dr. Miller's opinion was "inconsistent with the longitudinal record[.]" *Id.* Specifically, the ALJ found that that the objective record "d[id] not show significant limitations in social interactions and the primary social limitation she testified to only involved being in crowds." *Id.* To the contrary, the ALJ noted that Ms. Hart "functions well enough," and "h[as] relatives and friends that allow her to live with them." *Id.* Moreover, Dr. Miller's own treatment records contradict his determination that Ms. Hart's social limitations precluded work. For example, Dr. Miller noted that Ms. Hart "can care for her personal needs," (Tr. 43), "takes public transportation," *id.*, was "marginally competent to manage her finances," (Tr. 48), and has "g[otten] along ok at work with co-workers and supervisors in the past," (Tr. 43). Those findings, as noted above, are also corroborated by the findings of the State agency consultants. (Tr. 48).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Hart's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, the ALJ properly evaluated Dr. Miller's opinion and supported his conclusion with substantial evidence. Remand on this basis is therefore unwarranted.

Second, Ms. Hart argues that the ALJ provided the VE with a deficient hypothetical question. Pl.'s Mem. 5. As an initial matter, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). In this case, the ALJ framed a hypothetical question based on the RFC. (Tr. 90-91). In response, the VE

*Christina J. Hart v. Commissioner, Social Security Administration*
Civil No. SAG-16-2560
April 6, 2017

stated that Ms. Hart could perform several jobs existing in the national economy. (Tr. 91). Ms. Hart contends that the ALJ's hypothetical to the VE was deficient because "the ALJ did not include…all physical and mental limitations set forth in the doctors' opinions as noted in the preceding argument." Pl. Mem. 5. However, the ALJ was under no obligation to include the limitations identified by Drs. Koduah and Miller. Rather, the ALJ was only required to include in his hypothetical the limitations for which he found substantial evidence. As noted above, the ALJ provided substantial evidence to support his conclusion to disregard the findings of Drs. Koduah and Miller, given the conflicting evidence in the objective medical record. Accordingly, the ALJ's hypothetical was proper, and remand is unwarranted.

      For the reasons set forth herein, Ms. Hart's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                     Sincerely yours,

                                     /s/

                                   Stephanie A. Gallagher
                                   United States Magistrate Judge